1
2
3
4
5
6
7            IN THE UNITED STATES DISTRICT COURT
8         FOR THE NORTHERN DISTRICT OF CALIFORNIA
9
10   ALFRED HEBNER,                    )   No. C 05-4268 MMC (PR)
                                       )
11              Plaintiff,             )   **ORDER OF DISMISSAL WITH**
                                       )   **LEAVE TO AMEND**
12      v.                             )
                                       )
13   RICHARD KIRKLAND, Warden;         )
     BARRY J. O'NEIL, Associate Warden; )
14   C. PATTON, Captain,               )
                                       )
15              Defendants.            )
     _____ )
16        Plaintiff, an inmate at Pelican Bay State Prison ("PBSP") and proceeding pro se, filed

17   the above-titled civil rights action under 42 U.S.C. § 1983 against three PBSP officials.  By a

18   separate order filed concurrently herewith, plaintiff has been granted leave to proceed in

19   forma pauperis.

20                              **BACKGROUND**

21        Plaintiff alleges the following events in his complaint.

22        In November 2003, he was in a fight with another inmate on B-Facility Yard at

23   PBSP. After the fight, he was placed in administrative segregation.  He requested that he

24   be transferred to another prison because he was threatened by other inmates housed on

25   both the A and B-FacilityYards at PBSP.  The request was denied, and plaintiff was

26   eventually returned to B Yard.  In July 2004, two inmates assaulted plaintiff in B Yard.

27   He was again placed in administrative segregation, and again requested a transfer to a

28   different institution rather than be returned to B Yard.  The request was denied and, in

United States District Court
For the Northern District of California

November 2004, plaintiff was returned to B Yard.  On December 1, 2004, plaintiff filed an administrative grievance requesting a transfer.  On December 15, 2004, plaintiff was placed in administrative segregation in the Secured Housing Unit, with a recommendation for an indefinite term.

## DISCUSSION

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  See id. § 1915A(b)(1),(2).  Pro se pleadings, however, must be liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Plaintiff claims his Eighth Amendment rights were violated by defendants' failure to transfer him out of, and by returning him to, B Yard.  The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners.  Farmer v. Brennan, 511 U.S. 825, 832 (1994).  In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners.  Id. at 833.  The failure of prison officials to protect inmates from attacks by other inmates or from dangerous conditions at the prison violates the Eighth Amendment, provided two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate safety.  Id. at 834.

Plaintiff also claims his First Amendment rights were violated because, according to

United States District Court

For the Northern District of California

plaintiff, he was placed in administrative segregation in retaliation for his filing an administrative grievance.  Retaliation by a state actor for the exercise of a constitutional right is actionable under 42 U.S.C. § 1983, even if the act, when taken for different reasons, would have been proper.  See Mt. Healthy City Bd. of Educ. v. Doyle, 429 U.S. 274, 283-84 (1977). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements:  (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). Accordingly, a prisoner suing prison officials under § 1983 for retaliation must allege he was retaliated against for exercising his constitutional rights and that the retaliatory action did not advance legitimate penological goals, such as preserving institutional order and discipline. See Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995).  The prisoner also must allege the defendants' actions caused him some injury.  Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000).

Here, although plaintiff sufficiently alleges that reasonable steps to protect him from harm were not taken, and that he was retaliated against for filing grievances, he does not state a claim with respect to the defendants named in the complaint.  Liability may be imposed on an individual defendant under section 1983, only if the plaintiff can show the defendant proximately caused the deprivation of a federally protected right.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).  In that regard, the plaintiff must "set forth specific facts as to each individual defendant's" deprivation of the plaintiff's protected rights.  Id.; see also Chuman v. Wright, 76 F.3d 292, 294 (9th Cir. 1996) (holding defendant cannot be held liable based on membership in group; requiring showing of defendant's individual participation in unlawful conduct).  Here, all plaintiff's allegations are against the "defendants" collectively; plaintiff fails to allege what any individual defendant actually did.  In order to state a cognizable claim against any of the defendants herein, plaintiff must allege how each such defendant personally was involved in the events plaintiff describes and, equally important,

what each such defendant personally did, or failed to do, that caused plaintiff's alleged injuries.  Plaintiff will be given leave to amend the complaint to cure this deficiency, if he can do so in good faith.

**CONCLUSION**

For the reasons stated above:

1.      Plaintiff's complaint is DISMISSED WITH LEAVE TO AMEND.  Within **thirty (30) days** of the date this order is filed, plaintiff may file an AMENDED COMPLAINT correcting the deficiencies outlined above.  Plaintiff shall include in the caption both the case number of this action (No. C 05-4268 MMC (PR)), and the phrase "AMENDED COMPLAINT."

2.      **The amended complaint supersedes the initial complaint and may not incorporate by reference any parts of the original complaint; plaintiff must include in the amended complaint all the allegations and claims he wishes to present.  If plaintiff fails to timely file an amended complaint in conformity with this order, the complaint will be dismissed.**

3.      It is plaintiffs' responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action, pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute.

IT IS SO ORDERED.

DATED: March 30, 2006

_____
MAXINE M. CHESNEY
United States District Judge

United States District Court
For the Northern District of California

4